IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

UNITED STATES OF AMERICA,

v.

KINSLEY KILPATRICK,

Defendant.

CIVIL ACTION NO.
1:18-CR-201-LMM

# **ORDER**

This case comes before the Court on the Magistrate Judge's Report and Recommendation ("R&R") [63], recommending that Defendant's Motions to Suppress [23, 35] be denied. Pursuant to 28 U.S.C. § 636(b)(1), Defendant filed Objections to the R&R [65]. After due consideration, the Court enters the following Order:

## I. **LEGAL STANDARD**

Under 28 U.S.C. § 636(b)(1), the Court reviews the Magistrate's Report and Recommendation for clear error if no objections are filed to the report. 28 U.S.C. § 636(b)(1). If a party files objections, however, the district court must determine *de novo* any part of the Magistrate Judge's disposition that is the subject of a proper objection. Id.; Fed. R. Crim. P. 59(b)(3). As Defendant filed objections, the Court reviews the Magistrate Judge's challenged recommendations on a *de novo* basis. 28 U.S.C. § 636(b)(1). The Court will consider the objections in turn.

## II. DISCUSSION

Defendant first objects that the Government's evidence must be suppressed because it was obtained in violation of the Health Insurance Portability and Accountability Act of 1996 ("HIPAA") and the Fourth Amendment. See Obj., Dkt. No. [65] at 3-5. However, the Court finds that the Magistrate Judge correctly found that the Inspector General Act of 1978 allowed SA Brumfield to access the VA medical records without additional process, see Dkt. No. [63] at 5-7, and HIPAA does not apply as neither the VA-OIG nor the Department of Justice are covered entities under that statute. See id. at 7-9. And the Court also agrees that, even assuming the dissemination violated HIPAA, suppression would not be the appropriate remedy. Id. at 8-9. The Court therefore **OVERRULES** Defendant's objections on this point.

Defendant also objects that the Magistrate Judge should have held an evidentiary hearing regarding Dr. Rosenthal's consent to the recording. See Obj., Dkt. No. [65] at 5-8. However, the Court again agrees with the Magistrate Judge's decision to deny that request. The Government produced evidence regarding Dr. Rosenthal's consent, and Defendant did not produce any evidence beyond mere supposition that would undermine that evidence. Thus, the Court also **OVERRULES** Defendant's objections regarding the evidentiary hearing request.

### III. CONCLUSION

The R&R [63] is **ADOPTED** as the Order of this Court, and Defendant's Objection to the R&R [65] is **OVERRULED**. Defendant's Motions to Suppress [23, 35] are **DENIED**.

The trial in this action against Kinsley Kilpatrick and Tracie Kilpatrick is hereby set to begin on Monday, February 4, 2019 at 9:30 A.M. in Courtroom 2107. The pretrial conference and Jackson-Denno Hearing will be held on Tuesday, January 29, 2019 at 9:30 A.M. in Courtroom 2107. By noon on Tuesday, January 15, 2019, the parties are to file the following: motions *in limine* and proposed *voir dire* questions. By noon on Tuesday, January 22, 2019, the Government must file a brief summary of the Indictment that the parties can rely on for *voir dire.* By noon on Tuesday, January 22, 2019, the parties are to file responses to motions *in limine* and any objections and to those items listed above.

Excludable time is allowed through February 4, 2019, pursuant to 18 U.S.C. § 3161 (h)(7)(A) and (B)(iv), to give counsel for Defendant and the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. The Court finds that the ends of justice served outweigh the best interest of the public and the Defendant in a speedy trial and are consistent with both the best interest of the public and individual justice in this matter.

**IT IS SO ORDERED** this 10th day of December, 2018.

_Leigh Martin May_
Leigh Martin May
United States District Judge